**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTONIO P. MARTINEZ, JR.
and JOYCE ANN MARTINEZ,
his wife,

       Plaintiffs,

vs.                                      CASE NO. 3:08-cv-1231-J-TEM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____

**O R D E R**

This case is before the Court on the Defendant's Amended Motion for Compulsory Physical Examination of Plaintiff (Doc. #36), Defendant's Motion to Compel, Motion for Sanctions and Motion for Continuance and Extension of Time for Discovery (Doc. #37), and Plaintiffs' response (Doc. #38). Defendant avers Plaintiff Antonio P. Martinez Jr. failed to appear for a scheduled physical examination and requests to Court compel Mr. Martinez to attend the rescheduled examination and direct Plaintiffs to pay the missed appointment fee charged by the Dr. Rogozinski (*see* Docs. #37 & #37). Plaintiffs acknowledge Mr. Martinez did not appear for the earlier physical examination, but maintain Plaintiffs should not be held accountable for the sought fee or for his nonappearance (*see* Doc. #38, generally).

Previously, the Court granted Defendant's Motion for Compulsory Physical Examination of Plaintiff (Doc. #32) as unopposed when Plaintiffs failed to file a timely response. The Court's order dated November 10, 2009 specifically stated, "Plaintiff shall appear and submit to the orthopaedic examination identified in paragraph three of

Defendant's Motion (Doc. #32)." *See* Doc. #33, Court Order. Paragraph three of the referenced motion stated:

> Defendant requests that Plaintiff, ANTONIO P. MARTINEZ, JR., submit to an orthopaedic examination in accordance with the *Federal Rules of Civil Procedure* before **Abraham Rogozinski, M.D., Rogozinski Orthopaedic Clinic. 3716 University Boulevard South, Suite 3, Jacksonville, FL 32216 on December 7, 2009, at 10:00 a.m. Plaintiff is requested by physician to arrive 30 minutes prior to examination**.

Doc. #32 at 2 (emphasis in the original).

As the Court's order was issued twenty-two days before the scheduled examination, the Court concludes Plaintiffs had ample time to make the necessary travel arrangements or seek a change of date. The parties and their counsel are expected to read and comply with the Court's orders as issued.

The physical condition of Plaintiff Antonio Martinez, Jr., was placed into controversy with the filing of this personal injury suit. Thus, the requested examination is entirely appropriate discovery. Mr. Martinez has failed to appear for the previously scheduled independent medical examination appointment. Because Mr. Martinez's physical condition is key to the controversy in this case, the Court finds Defendant has been prejudiced by Mr. Martinez's failure to appear. From Plaintiffs' response (Doc. #38), the Court surmises Mr. Martinez did appear for the physical examination that was rescheduled for February 1, 2010 (Doc. #38 at 4).

Rule 37 of the Federal Rules of Civil Procedure contemplates payment of attorney fees and costs to the moving party when a motion to compel is granted. Fed. R. Civ. P. 37(a)(5), (b). Included in Defendant's request for costs, are those fees assessed by the medical examiner for the missed appointment (Doc. #37, p.2). Rule 37 specifically states

2

in pertinent part that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion . . . ." Fed. R. Civ .P. 37(5)(A). Clearly, Plaintiff's[1] actions in failing to keep the previously established medical exam appointment necessitated Defendant's filing of the instant motions. Other courts have considered an award of costs associated with medical exams to be appropriate sanctions. *See, e.g., Grubb v. Rowan Companies, Inc.,* No. Civ. A. 00-1075, 2001 WL 406269 (E.D. La. April 17, 2001); *Guzman v. American Airlines*, No. 98-CV-928, 1999 WL33453410 (D. N.J. May 28, 1999). Further, trial courts generally have the power to tax reasonable expenses incurred in discovery as costs. *Harrington v. Texaco, Inc.*, 339 F.2d 814 (5th Cir. 1964), *cert. denied*, 381 U.S. 915 (1965).[2] Accordingly, Plaintiff Antonio P. Martinez, Jr., shall be responsible for reasonable expenses incurred by Defendant in filing the Amended Motion (Doc. #36) and the Motion to Compel (Doc. #37), including attorney's fees and the missed appointment fee charged by Defendant's medical examiner. Plaintiff **shall immediately pay** the "no show fee" to Defendant's medical examiner.

The parties shall meet and agree on an appropriate sum representing other fees and costs. If the parties are unable to agree, Defendant shall, **within fifteen (15) days** from the date of the Order, file an affidavit as to fees and costs. Plaintiff shall respond to the affidavit **within ten (10) days** from its service.

---

[1]Any singular reference to "Plaintiff" in this Order shall pertain to Plaintiff Antonio P. Martinez, Jr., who is the subject of the instant motion to compel.

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Given a delay in discovery has resulted from Plaintiff's failure to appear for a medical examination, the Court will **enlarge the discovery period through March 18, 2010**. The other dates established in the governance of this case shall remain unchanged.

Thus, Defendant's Amended Motion for Compulsory Physical Examination of Plaintiff (Doc. #36) and Defendant's Motion to Compel, Motion for Sanctions and Motion for Continuance and Extension of Time for Discovery (Doc. #37) are **GRANTED** to the extent outlined above.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of February, 2010.

Copies to:
All Counsel of Record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge